UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAY LEGAL CONSULTING GROUP,<br><br>        Plaintiff,<br><br>   v.<br><br>ARNOLD E. DIJOSEPH, III, ARNOLD E., DIJOSEPH, P.C., STACEY M. GRAY, STACEY M. GRAY, P.C., ARENT FOX LLP, DELOITTE TOUCHE TOHMATSU SERVCES, INC. and DELOITTE TOUCHE TOHMATSU LIMITED<br><br>        Defendants. | Civil Action No.: 13 CIV 6867 (KPF)(ECF) [rel. 13 CIV 6866 (KPF)] |

**MEMORANDUM OF LAW OF DEFENDANTS ARENT FOX LLP, DELOITTE TOUCHE TOHMATSU SERVCES, INC. AND DELOITTE TOUCHE TOHMATSU LIMITED IN SUPPORT OF JOINT MOTION TO DISMISS COMPLAINT**

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ..................................................................................................1
STATEMENT OF FACTS ...........................................................................................................1
    A.    General Background ...............................................................................................1
    B.    Alleged Injuries according to the Complaint...........................................................2
PROCEDURAL BACKGROUND ...............................................................................................3
LEGAL STANDARD ..................................................................................................................3
ARGUMENT ................................................................................................................................4
I.    THE COMPLAINT FAILS TO STATE A CLAIM UNDER FRCP 12(B)(6) AGAINST ARENT FOX AND DELOITTE ................................................................4
    a.    The Breach of the Covenant of Good Faith and Fair Dealing Claims Should Be Dismissed..............................................................................................4
        i.    The Complaint fails to state a cause of action for breach of the covenant of good faith and fair dealing against Arent Fox for maintaining the Fund in accordance with the Confidentiality Agreement ....................................................................................................4
        ii.    The Complaint equally fails to state a cause of action for breach of the covenant of good faith and fair dealing against Deloitte because Plaintiff's claim violates the Settlement Agreement ...................................7
    b.    The Breach of Fiduciary Duty Claims Should Be Dismissed ................................8
        i.    The Complaint fails to state a cause of action for breach of fiduciary duty against Arent Fox because Arent Fox refuses to release of the Fund in violation of the Confidentiality Agreement ............8
        ii.    The Complaint fails to state a cause of action for breach of fiduciary duty against Deloitte because no fiduciary relationship exists between Deloitte and Plaintiff............................................................9
II.    HAVING NO STAKE IN THE ESCROWED FUNDS, ARENT FOX AND DELOITTE SHOULD BE EXCUSED FROM THE CASE AND THE FUNDS PLACED IN THE COURT'S POSSESSION UNDER RULE 67(A) .............................11
CONCLUSION ...........................................................................................................................11

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Carruthers v. Flaum,*
    450 F. Supp. 2d 288 (S.D.N.Y. 2006) ................................................................................8

*DeBlasio v. Merrill Lynch & Co., Inc.,*
    2009 WL 2242605 (S.D.N.Y. July 27, 2009).............................................................4, 6, 8

*Granite Partners, L.P. v. Bear, Stearns & Co. Inc.,*
    17 F.Supp.2d 275 (S.D.N.Y.1998) ......................................................................................6

*H & H Acquisition Corp. v. Fin. Intranet Holdings*,
    669 F. Supp. 2d 351 (S.D.N.Y. 2009) ......................................................................4, 6, 8, 9

*Harvey v. Fresquez,*
    2011 WL 855875 (S.D.N.Y. Mar. 8, 2011), *aff'd,* 479 F. App'x 360 (2d Cir. 2012) ..............11

*In re Allegiance Telecom, Inc.*,
    2012 WL 1036085 (S.D.N.Y. Mar. 28, 2012), *aff'd,* 505 F. App'x 48 (2d Cir. 2012) ..............5

*In re Towers Fin. Corp. Noteholders Litig.,*
    1996 WL 393579 (S.D.N.Y. July 15, 1996).........................................................................3

*Nationwide CATV Auditing Servs., Inc. v. Cablevision Sys. Corp.,*
    2013 WL 1911434 (E.D.N.Y. May 7, 2013) ........................................................................4

*Oscar de la Renta, Ltd. v. Mulberry Thai Silks, Inc.,*
    2009 WL 1054830 (S.D.N.Y. Apr. 17, 2009) ......................................................................6

*Prudential Ins. Co. v. BMC Industries, Inc.*
    630 F. Supp. 1298 (S.D.N.Y. 1986) ..................................................................................11

*Rogath v. Koegel*,
    96 CIV. 8729 (DAB), 1998 WL 695668 (S.D.N.Y. Oct. 6, 1998)......................................9, 10

*Williams Trading LLC v. Wells Fargo Sec., LLC,*
    2014 WL 274420 (2d Cir. Jan. 27, 2014)............................................................................4

*Xin Wei Lin v. Chinese Staff & Workers' Ass'n,*
    2012 WL 5457493 (S.D.N.Y. Nov. 8, 2012), *aff'd,* 527 F. App'x 83 (2d Cir. 2013)................3

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 12 (b)(6).................................................................................1, 4


Rule 67 ................................................................................................................................... 11

RULE 67(a) ..................................................................................................................... 11, 12

Defendants Arent Fox LLP (hereafter, referred to as "Arent Fox") and Deloitte Touche Tohmatsu Services, Inc. and Deloitte Touche Tohmatsu Limited (hereafter, collectively referred to as "Deloitte") by and through their respective undersigned counsel, respectfully submit this memorandum of law in support of their Joint Motion to Dismiss the Complaint ("Compl.") pursuant to Federal Rule of Civil Procedure 12 (b)(6).

## PRELIMINARY STATEMENT

The Complaint's allegations demonstrate that Plaintiff has "put [Arent Fox and Deloitte] in an untenable position"[1] of being sued even though they are in compliance with the Confidentiality Agreement. The law and the facts in this case undermine both of Plaintiff's claims of breach of the covenant of good faith and fair dealing and breach of fiduciary duty. First, Arent Fox and Deloitte have complied with the express terms of the Confidentiality Agreement, and where relevant, the underlying Settlement Agreement. Second, the covenant of good faith and fair dealing and fiduciary duty do not require Arent Fox or Deloitte to pay funds to Plaintiff as he orders, in violation of the provisions of the Confidentiality Agreement. As parties who have adhered to their contractual duties, Arent Fox and Deloitte respectfully request that this Court grant this Joint Motion to Dismiss.

## STATEMENT OF FACTS

### A.    General Background

As the Complaint alleges, Arent Fox represented Deloitte in settling an earlier action by way of a settlement agreement entered into on April 17, 2012. *See* Compl. ¶ 16; *also see* Declaration of G. Michael Bellinger, Esq., dated February 24, 2014 ("Bellinger Decl."), Ex. B:

---

[1] *See* Transcript of January 14, 2014 Pre-Motion Court Conference, 22:3-9, attached hereto as Exhibit A to the Declaration of G. Michael Bellinger, Esq., dated February 24, 2014.

1

Settlement Agreement, ¶ 28. That earlier action was brought by a party, who was initially represented by Defendant Gray and then later by Plaintiff Ray. *See id*. ¶¶ 16, 17. The Settlement Agreement also provides the following in pertinent part: "This Agreement may only be used as evidence in a subsequent proceeding in which either the Releasing Party or Deloitte claims that the Agreement has been breached." *See* Bellinger Decl., Ex. B: Settlement Agreement, ¶ 28. A "Confidentiality Agreement" was signed by the Plaintiff, John H. Ray, III of Ray Legal Consulting Group on behalf of his client; Arnold E. DiJoseph PC, as Stacey Gray's counsel; and Arent Fox, as counsel for Deloitte, to ensure the confidentiality of this underlying settlement. Compl. ¶¶ 29, 30; *also see* Bellinger Decl., Ex. C: Confidentiality Agreement, § 4. The Confidentiality Agreement recites that Ray and Gray were in dispute over the attorney's fees paid in connection with the underlying settlement. Compl. ¶ 31. Under the Agreements, Deloitte agreed to place in escrow the moneys Deloitte paid for the attorney's fees for the plaintiff in the underlying action (the "Fund"). *See id*. at ¶ 28. Arent Fox has held the Fund in an escrow account with its bank. *See id*. at ¶ 84. In keeping with the exact terms of the Confidentiality Agreement, Arent Fox has ensured that "[n]o funds will be distributed from the Escrow Account until a final order is issued by a Court of competent jurisdiction or until Releasing Party's Attorney [Plaintiff Ray] and Gray reach a binding settlement of their claims and have each notified Deloitte of such binding settlement." *See id*. at ¶ 32; *also see* Bellinger Decl., Ex. C: Confidentiality Agreement, § 4. Neither mandatory condition for release of the Fund has been fulfilled.

      B.     **Alleged Injuries according to the Complaint**

Despite Arent Fox and Deloitte's adherence to the Settlement and Confidentiality Agreements' explicit terms, the Complaint alleges two causes of action against each Defendant, namely Count II for breach of the covenant of good faith and fair dealing and Count IV for

breach of fiduciary duty. *See* Compl. ¶¶ 92-100, ¶¶ 106-114. The gravamen of the Complaint is that Arent Fox (and Deloitte as its client) maintained the funds in escrow per the Agreements' terms, rather than ignoring the Agreements' directives and paying the funds over to Plaintiff when Plaintiff unilaterally determined that his claim to the Fund was more meritorious than Defendant Gray's claim. *See id*. at ¶¶ 84-85.

The Complaint's assertions are legally insufficient to state causes of action for breaches of the covenant of good faith and fair dealing and fiduciary duty and irrelevant as they do not trigger disbursement of the Fund in accordance with the Agreements' contractual terms.

## PROCEDURAL BACKGROUND

The Complaint in this action was filed on September 26, 2013. The pre-motion conference was held on January 14, 2014, during which this Court heard the parties' various legal positions and ordered Arent Fox and Deloitte to submit this Joint Motion to Dismiss.

## LEGAL STANDARD

A complaint cannot withstand a motion to dismiss if the complaint includes factual allegations that contradict the documents, including contracts and agreements, upon which those factual allegations are based. *See Xin Wei Lin v. Chinese Staff & Workers' Ass'n,* 2012 WL 5457493, at *4 (S.D.N.Y. Nov. 8, 2012), *aff'd,* 527 F. App'x 83 (2d Cir. 2013), citing *Fisk v. Letterman,* 401 F.Supp.2d 362, 368 (S.D.N.Y. 2005) ("The Court ... is not obliged to reconcile plaintiff's own pleadings that are contradicted by other matters asserted or relied upon or incorporated by reference by a plaintiff in drafting the complaint"). *Also see In re Towers Fin. Corp. Noteholders Litig.*, 1996 WL 393579, at *10 (S.D.N.Y. July 15, 1996) (granting the motion to dismiss the federal claims with prejudice when an allegation in the complaint was "contradicted by the very document referred to in the complaint").

The Complaint states that "[t]his action arises under the laws of the State of New York"

3

and the Settlement and Confidentiality Agreements "shall be governed by the laws of the State of New York (without giving effect to its conflicts of laws principles)." Compl. ¶4; Bellinger Decl., Ex. B: Settlement Agreement, ¶ 17; Bellinger Decl., Ex. C: Confidentiality Agreement, ¶ 6. Under New York law, "[t]o state a cause of action for breach of the implied covenant of good faith and fair dealing, 'the plaintiff must allege facts which tend to show that the defendant sought to prevent performance of the contract or to withhold its benefits from the plaintiff." *DeBlasio v. Merrill Lynch & Co., Inc.,* 2009 WL 2242605, at *37 (S.D.N.Y. July 27, 2009) (internal citations omitted) (granting the defendants' motion to dismiss). To establish a claim for breach of fiduciary duty, the plaintiff must sufficiently allege that there is: "(i) the existence of a fiduciary duty; (ii) a knowing breach of that duty; and (iii) damages resulting therefrom." *Williams Trading LLC v. Wells Fargo Sec., LLC,* 2014 WL 274420, at *1 (2d Cir. Jan. 27, 2014) (internal quotations omitted) (affirming a district court ruling that the plaintiff failed to state a claim for breach of fiduciary duty and the complaint should be dismissed). *Also see Nationwide CATV Auditing Servs., Inc. v. Cablevision Sys. Corp.,* 2013 WL 1911434, at *15-16 (E.D.N.Y. May 7, 2013) (granting the motion to dismiss).

## ARGUMENT

I. **THE COMPLAINT FAILS TO STATE A CLAIM UNDER FRCP 12(B)(6) AGAINST ARENT FOX AND DELOITTE**

    a. <u>The Breach of the Covenant of Good Faith and Fair Dealing Claims Should Be Dismissed</u>

        i. The Complaint fails to state a cause of action for breach of the covenant of good faith and fair dealing against Arent Fox for maintaining the Fund in accordance with the Confidentiality Agreement

In New York, courts have interpreted "'an escrow agreement to be a contract' like any other." *H & H Acquisition Corp. v. Fin. Intranet Holdings*, 669 F. Supp. 2d 351, 363 (S.D.N.Y.

2009), quoting *Egnotovich v. Katten Muchin Zavis & Roseman LLP,* 18 Misc.3d 1120(A), at *6 (N.Y. Sup. Ct. 2008), *aff'd,* 55 A.D.3d 462 (2008). New York courts have also repeatedly recognized that "[w]hen parties set down their agreement in a clear, complete document, their writing should ... be enforced according to its terms." *In re Allegiance Telecom, Inc.*, 2012 WL 1036085, at *3 (S.D.N.Y. Mar. 28, 2012), *aff'd,* 505 F. App'x 48 (2d Cir. 2012), citing *Vermont Teddy Bear Co. v. 538 Madison Realty Co.,* 1 N.Y.3d 470, 475 (2004) (quoting *W.W.W. Assoc. v. Giancontieri,* 77 N.Y.2d 157, 162 (1990)).

Like the agreements in *In re Allegiance* that contained broad merger clauses, both the Settlement and Confidentiality Agreements from which the escrow arrangement arises precisely state that the Agreements set "forth the entire agreement" among the parties and their counsel and "fully supersede[ ] any and all agreements or understandings, written or oral…hereto pertaining to the subject matter hereof" (*see* Bellinger Decl., Ex. B: Settlement Agreement, ¶ 25; Bellinger Decl., Ex. C: Confidentiality Agreement, ¶ 9) and thus, must be enforced by its express terms regarding the escrow arrangement which do not include a fiduciary or other duty to pay out the funds except on the express conditions stated. Construing the Confidentiality Agreement "in accordance with the plain meaning of its terms" as Section 10 of the Agreement urges, it explicitly states that "[n]o funds will be distributed from the Escrow Account until a final order is issued by a Court of competent jurisdiction or until Ray and Gray reach a binding settlement of their claims and have each notified Deloitte of such binding settlement." Bellinger Decl., Ex. C: Confidentiality Agreement, ¶ 4. Even this Court expressed that it has not "made any decisions yet regarding where blame lies, if at all." *See* Transcript of January 14, 2014 Pre-Motion Court Conference, 27:7-8. Without a final court order or a binding settlement between Ray and Gray of which Ray and Gray notified Deloitte, the Fund cannot be disbursed. Moreover, because of an

5

escrow agreement's contractual nature, "it necessarily follows that parties to an escrow agreement 'cannot impose upon [the escrowee] any obligations in addition to its 'limited duties under the express terms of its contract.'" *H & H Acquisition*, 669 F. Supp. 2d at 363 (quoting *Egnotovich v. Katten Muchin Zavis & Roseman LLP,* 856 N.Y.S.2d 497, at *6 (N.Y. Sup. Ct. 2008), *aff'd,* 55 A.D.3d 462 (2008)). With this in mind, Arent Fox does not violate any duty to Ray while it maintains the funds rather than pay them out without a final order or his mutual agreement with Gray.

Arent Fox has never "sought to prevent performance of the contract or to withhold its benefits from the plaintiff." *DeBlasio*, 2009 WL 2242605, at *37. On the contrary, Arent Fox's strict adherence to Section 4's exclusive conditions for allowing the disbursement of the Fund does not violate the covenant of good faith and fair dealing. "[T]he issue is whether Defendants breached the obligation to act in good faith that is implied in every contract governed by New York law, not whether Plaintiffs *believe[d]* —in good faith or otherwise—that Defendants' [ ] behavior was inappropriate." *Id.* at *38 (internal citations omitted) (emphasis added). In *DeBlasio*, the court dismissed this cause of action after determining that the defendants' actions were in accordance with the contract and thus, they did "not violate the implied covenant of good faith and fair dealing." *Id.*  The covenant of good faith and fair dealing cannot be misconstrued to imply an obligations '"that would be inconsistent with other terms of the contractual relationship."' *Oscar de la Renta, Ltd. v. Mulberry Thai Silks, Inc.,* 2009 WL 1054830, at *5 (S.D.N.Y. Apr. 17, 2009), citing *Times Mirror Magazines, Inc. v. Field & Stream Licenses Co.,* 294 F.3d 383, 394–95 (2d Cir. 2002) (internal citations and quotations omitted); *see also Granite Partners, L.P. v. Bear, Stearns & Co. Inc.,* 17 F.Supp.2d 275, 306 (S.D.N.Y.1998) (holding that "[a]ny purported duty of good faith 'cannot add to, detract from, or alter the terms of the contract

6

itself"') (internal quotations omitted).

As *De Blasio* held, it does not matter for purposes of the Confidentiality Agreement whether Plaintiff believes Defendant Gray's (or Aren't Fox's) behavior was inappropriate, that is, "no charging lien' [from the Gray and DiJoseph Defendants] existed. All that matters is that there has not been an agreement or an order that satisfy the conditions of the Confidentiality Agreement.

> ii. The Complaint equally fails to state a cause of action for breach of the covenant of good faith and fair dealing against Deloitte because Plaintiff's claim violates the Settlement Agreement

By relying on the covenant of good faith and fair dealing vis-a-vis Deloitte, Plaintiff inherently assumes and concedes the existence of a contract which contains this implied covenant, i.e. the Settlement Agreement (and by extension, the Confidentiality Agreement) in this case. Yet, Plaintiff's claim is undercut and rendered moot by the very terms of Settlement Agreement. Paragraph 28 of the Settlement Agreement, entitled "Inadmissible Evidence," unequivocally provides that

> "...this Agreement...will not be admissible or usable for any purpose" and "may only be used as evidence [whether to demonstrate a breach of a covenant of good faith, fair dealing, or anything else] in a subsequent proceeding in which either the Releasing Party or Deloitte claims the Agreement has been breached."

Plaintiff, a signatory to this agreement, is bound to Paragraph 28 and thus, Plaintiff does not, and cannot, assert that the Settlement Agreement itself has been breached. Given the binding dictates of Paragraph 28, the argument that a breach of either a covenant of good faith or of fair dealing is derived from the existence of the Settlement Agreement is unavailing because it contravenes the explicit language of the Settlement Agreement. Paragraph 28 was specifically included in this Settlement Agreement to preclude legalistic maneuvers such as this; it conclusively prevents Plaintiff Ray from unfairly using the Settlement Agreement as both shield---the creation of an

7

escrow account for the specific purpose of providing attorneys fees, of which he will surely be a beneficiary--and sword--the existence of the Agreement as a litigation opportunity to compel distribution of the escrow proceeds in a manner contrary to its provisions. Paragraph 28 is clearly intended to preclude a signatory to the Settlement Agreement from attempting to "bootstrap" its way to a frivolous claim. Since Plaintiff has not asserted any breach of the Settlement Agreement and Deloitte has never "sought to prevent performance of the contract or to withhold its benefits from the plaintiff" (*DeBlasio*, 2009 WL 2242605, at *37), the Settlement Agreement cannot be used as evidence in this lawsuit and Count II of the Complaint cannot stand.

  b. <u>The Breach of Fiduciary Duty Claims Should Be Dismissed</u>

    i. The Complaint fails to state a cause of action for breach of fiduciary duty against Arent Fox because Arent Fox refuses to release of the Fund in violation of the Confidentiality Agreement

Unless otherwise stated in the escrow agreement, an escrowee's primary duty is "not to deliver the escrow... except upon strict compliance with the conditions imposed." *Carruthers v. Flaum,* 450 F. Supp. 2d 288, 317 (S.D.N.Y. 2006) (internal quotations and citations omitted) (finding that the escrowee lawyer and law firm did not breach their fiduciary duty when the lawyer complied with the escrow agreement and the plaintiff did not give the lawyer any explicit instructions on how to use the escrowed funds). The escrow agreement equally governs the escrowee's obligations and if the escrowee is in compliance with its obligations under the agreement, a cause of action for breach of fiduciary duty against that escrowee fails altogether. *See H & H Acquisition Corp.,* 669 F. Supp. 2d, at 363-64.  In *H & H Acquisition*, the plaintiff brought an action against the defendant, an attorney, who the plaintiff claimed breached the fiduciary duty imposed by the escrow agreement between the plaintiff and the attorney. Ruling in favor of the defendant and against plaintiff's claim of breach of fiduciary duty, the court concentrated on the exact obligations under the Escrow Agreement. "[The defendant's] duties to

Plaintiff were contractually based, and thus limited by the terms of the Escrow Agreement," and "[n]othing in the Escrow Agreement suggests that [the defendant], by agreeing to act as escrow agent for the transaction" also agreed to assume other responsibilities. *Id*. at 364. In sum, "Plaintiff cannot unilaterally enlarge [the defendant's] duties under the contract and then claim that [the defendant] was negligent in failing to take these duties on." *Id.*. Similarly, here, the Complaint fails to state a cause of action for breach of fiduciary duty because it rests on the allegation that the Confidentiality Agreement sets forth that Arent Fox had a fiduciary duty to violate the payment restrictions - it does not. *See Rogath v. Koegel*, 96 CIV. 8729 (DAB), 1998 WL 695668, at *4 (S.D.N.Y. Oct. 6, 1998) (dismissing plaintiff's claim for breach of fiduciary duty against an attorney holding funds in escrow for the party that prevailed in the underlying action).

The Complaint establishes, as all parties acknowledged when they signed the Confidentiality Agreement (¶ 30), that Ray and Gray dispute who is entitled to the attorneys fees (¶ 31), and Arent Fox does not represent either of them (¶ 30). Rather, as escrowee, Arent Fox has continued to adhere to its obligations under Section 4, until the conditions are satisfied. Furthermore, like the attorney in *Rogath*, here, Arent Fox represented Deloitte, who was the adversary of Ray's client. Arent Fox never represented Ray or his client or undertook a fiduciary duty to Ray consisting of the duty to favor him over and against Gray, the other claimant to the Fund, while serving as the Fund's escrowee. The Complaint does not establish as a matter of law that Arent Fox assumed a fiduciary duty consisting of the obligation to breach Section 4 of the Confidentiality Agreement, much less to favor Ray over Gray.

      ii.    The Complaint fails to state a cause of action for breach of fiduciary duty against Deloitte because no fiduciary relationship exists between Deloitte and Plaintiff

Plaintiff's assertion that establishing an escrow account pursuant to a settlement

9

agreement ipso facto creates a fiduciary relationship is without legal foundation. Deloitte and Plaintiff were adversaries well before the date of the execution of the Settlement Agreement (April 17, 2012) and are still adversaries as of the date of this Motion. The Escrow Account was established solely to create a mechanism to facilitate the impartial distribution of attorney fees. And escrow accounts are a universal method of maintaining a monetary status quo until the rights to specific funds are determined. In short, simply placing funds in an escrow account, without more, does not create a fiduciary relationship. Plaintiff's arguments to the contrary are meritless. *See Rogath*, 1998 WL 695668, at *4.

      Plaintiff's argument that Deloitte should have unilaterally released the funds to him is an assertion born of frustration, not legal authority. Plaintiff's allegations are insufficient to supplant the terms of the Settlement Agreement (to which the Plaintiff is bound) and cannot and should not substitute for a court order or binding settlement agreement. The Settlement Agreement required Deloitte to deposit the contested attorney's fees in an escrow account—which it did—not to assess the validity of Ray or Gray's claims regarding those funds.

      Moreover, the Settlement Agreement did not create a fiduciary relationship between Plaintiff and Deloitte. Plaintiff never alleges that there is a business relationship between him and Deloitte. Moreover, the fact that Deloitte (who has consistently been an adversary of plaintiff's client) placed funds in escrow account underscores the fact that no fiduciary relationship existed between the parties. The sole duty imposed upon Deloitte by the terms of the Settlement Agreement was to deposit a sum certain into an escrow account and to maintain the escrowed funds in toto until the funds are distributed according to the agreement. There is not, and cannot be any allegation that Deloitte did not promptly place the funds in such an account, nor can there be any assertion that the dollar amount in escrow has not remained intact.

As there is no fiduciary relationship between Plaintiff and Deloitte, a breach of fiduciary duty claim cannot stand and this Complaint should be dismissed.

## II. HAVING NO STAKE IN THE ESCROWED FUNDS, ARENT FOX AND DELOITTE SHOULD BE EXCUSED FROM THE CASE AND THE FUNDS PLACED IN THE COURT'S POSSESSION UNDER RULE 67(A)

The Complaint establishes a history of conflicting claims from Ray and Gray to the funds (e.g. *see* Compl. ¶¶37, 38, and 71). Because of this history, Arent Fox and Deloitte respectfully request to be excused from the action and to deposit the funds with the Court under Fed. R. Civ. P. 67(a) upon dismissal. *Harvey v. Fresquez,* 2011 WL 855875, at *3-4 (S.D.N.Y. Mar. 8, 2011), *aff'd,* 479 F. App'x 360 (2d Cir. 2012). Rule 67(a) provides that "[if] any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party – on notice to every other party and by leave of court – may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Rule 67(a) is ideally suited to these circumstances as Plaintiff seeks a sum of money consisting of the escrow held by Arent Fox, and being merely the fund's administrator, the firm has no claim on the money. Unlike cases like *Prudential Ins. Co. v. BMC Industries, Inc.* 630 F. Supp. 1298, 1300 (S.D.N.Y. 1986), this case is ideal for Rule 67 applicability. Depositing the escrowed funds with the Court will not alter the parties' contractual rights; Ray and Gray will still have to wait for the issuance of a final court order or agree to a mutual settlement before the Fund can be disbursed, which is the exact position Ray and Gray are in at the moment.

Thus, Arent Fox and Deloitte are amenable to an order from the Court to excuse Arent Fox and Deloitte from this litigation and deposit the escrowed funds with the Court under Rule 67(a).

## CONCLUSION

For the reasons set forth above, Arent Fox and Deloitte respectfully requests that this

Court dismiss them from this action. Further, Arent Fox respectfully requests that this Court take the escrowed funds in question into its care pursuant Rule 67(a).

Dated: February 24, 2014

                                              Respectfully submitted,

| | |
|---|---|
| */s/ Hunter T. Carter* | */s/ G. Michael Belliner* |
| Hunter T. Carter, Esq. | G. Michael Bellinger, Esq. |
| Asari A. Aniagolu, Esq. | Telephone: 917-364-3529 |
| ARENT FOX LLP | Facsimile: 888-324-8850 |
| 1675 Broadway | Email: gbellingeresq@gmail.com |
| New York, New York 10019 | *Attorney for Defendants Deloitte Touche* |
| Tel: 212-484-3900 | *Tohmatsu Services, Inc. and Deloitte Touche* |
| Fax: 212-484-3990 | *Tohmatsu Limited* |
| hunter.carter@arentfox.com | |
| asari.aniagolu@arentfox.com | |
| *Attorneys for Defendant Arent Fox LLP* | |