# EXHIBIT "B"

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: IAS PART 36
-----------------------------------------------------------------X
VICTOR F. CALDWELL,

                      Petitioner

Index No. 101658/12

    -against-

Motion Seq. No. 002

STACEY M. GRAY and STACEY M. GRAY, P.C.,
                      Respondents.
-----------------------------------------------------------------X

**DORIS LING-COHAN, J.:**

Respondents Stacey M. Gray and Stacey M. Gray, P.C. (an attorney and her professional corporation), move to renew this Court's prior decision and order (Prior Order), dated August 24, 2012, which, *inter alia*, granted respondents' motion to dismiss. Petitioner, an attorney, cross-moves, *inter alia*: (1) for relief from the Prior Order; and (2) for declaratory judgment that respondents have not established any enforceable statutory, contractual, or other lien against the remaining settlement proceeds.

Background

Petitioner, an attorney, and respondent Stacey M. Gray, P.C. signed an "Engagement Agreement", to negotiate a settlement with petitioner's former employer. Such agreement contained an arbitration clause, with respect to any fee dispute which may arise, and, thus, this Court's Prior Order granted, *inter alia*, respondents' prior motion to dismiss, citing to New York's "long and strong public policy favoring arbitration". *Matter of Smith Barney Shearson v Sacharow*, 91 NY2d 39 (1997). Both petitioner and respondents now move to be relieved from the Prior Order.

Respondents' Motion

With respect to respondents' request for renewal, there is no basis for renewal, as respondents have failed to assert "new facts not offered on the prior motion that would change the prior determination or...demonstrate that there has been a change in the law that would change the prior determination". See CPLR §2221(e). Respondents assert herein that petitioner waived his right to dispute attorneys' fees in the settlement agreement between petitioner and his former employer, dated April 17, 2012 (Settlement Agreement). *See* DiJoseph Affirmation in Support, ¶ 18. Respondents contend that petitioner and his attorney withheld material settlement terms from respondents and the Court in the original motion, thus,

new facts are now available. In support, respondents proffer 2 redacted pages from the Settlement Agreement. However, the portion of the Settlement Agreement proffered by respondents do not provide that petitioner has waived his right to dispute attorneys' fees, as claimed by respondents. Thus, such alleged new fact would not change the prior determination, as required by CPLR §2221(e). In fact, the portion of the Settlement Agreement proffered by respondents herein, specifically provides binding arbitration as an option to determine any claims relating to attorneys' fees. *See* Notice of Motion, Exh. F. As such, respondents' motion to renew is denied.

Petitioner's Cross-Motion

In essence, petitioner's cross-motion for relief from the Prior Order, and for declaratory judgment that respondents have not established any enforceable statutory, contractual, or other lien against the remaining settlement proceeds, is a motion to renew or to reargue.

As stated above, on a motion to renew, movant must assert "new facts not offered on the prior motion that would change the prior determination or...demonstrate that there has been a change in the law that would change the prior determination". See CPLR §2221(e). Here, petitioner states that respondents falsely represented that the amount to be disputed exceeded the jurisdiction limit for arbitration, such that the arbitration committee declined to hear this case. However, aside from petitioner's conclusory statement, he has failed to proffer any evidence that the arbitration committee declined to hear this case. Thus, such alleged new fact would not change the prior determination, as the parties can proceed to arbitration.

To succeed on a motion for leave to reargue pursuant to CPLR § 2221, movant must show " 'that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision' ". *William P. Pahl Equipment Corp. v Kassis*, 182 AD2d 22, 27 (1st Dep't 1992), *lv dismissed in part and denied in part* 80 NY2d 1005 (1992), *rearg denied* 81 NY2d 782 (1993) (citing *Schneider v Solowey*, 141 AD2d 813 [1988]).

> "A motion for leave to reargue pursuant to CPLR 2221 is addressed to the sound discretion of the court and may be granted only upon a showing that the court overlooked or misapprehended the facts or the law or for some reason mistakenly arrived at its earlier decision. Reargument is not designed to afford the unsuccessful party successive opportunities to reargue issues previously

2

decided or to present arguments different from those originally asserted."

*Id.*

In the instant motion, petitioner does not even allege that the court previously misapprehended the law or facts. Thus, no arguments have been made which would warrant a reversal of the court's previous determination. Moreover, motions to reargue must be made within 30 days after service of the order determining the motion and written notice of entry. CPLR § 2221(d)(3). Here, the Prior Order was entered on or about August 28, 2012, and more than 30 days have elapsed, as petitioner failed to make the instant cross-motion until March 19, 2013. Thus, petitioner's cross-motion is denied, and the parties shall proceed to arbitration, as expressly agreed to in their Engagement Agreement, and previously ordered in the Prior Order.

Accordingly, it is

ORDERED that respondents' motion to renew is denied; and it is further

ORDERED that petitioner's cross-motion to renew or reargue is denied; and it is further

ORDERED that petitioner may arbitrate the within fee dispute in accordance with the engagement agreement; and it is further

ORDERED that within 30 days of entry of this order, petitioner shall serve a copy upon all parties, with notice of entry.

Dated: 7/10/13

DORIS LING-COHAN, J.S.C.

Check one:   [X] FINAL DISPOSITION   [ ] NON-FINAL DISPOSITION
Check if Appropriate:   [ ] DO NOT POST   [ ] REFERENCE
   [ ] SUBMIT ORDER/JUDG.   [ ] SETTLE ORDER/JUDG.

J:\Renew.Reargue\Caldwell v Gray - renew, arbitrate atty fee dispute.wpd

**FILED**

JUL 12 2013

NEW YORK
COUNTY CLERK'S OFFICE

3